Our fifth case this morning is United States v. Bevly. Good morning, Your Honors. May it please the Court. Good morning, Opposing Counsel. Jeff Brandt for Mr. Bevly, the defendant appellant. We've raised four separate arguments on appeal, becoming roughly six issues in our reply brief and a variety of arguments going very different directions, but some depending on each other. I'm happy to answer the Court's questions about any in particular, but beginning with the constitutional argument, we recognize that Mr. Bevly is arguing based on a record that does not show and express promise by the government that nevertheless his constitutional rights were violated when he believed he entered a plea agreement that prevented the government from making an allegation of a threat of death. Actually, the plea agreement says exactly the opposite, and so does the plea colloquy, so that claim is DOA, I think, based on the record. We would ask then, therefore, if the Court doesn't believe that the evidence is sufficient, that it would. Well, there is, in fact, no evidence. All the evidence is against you on that because the plea agreement explicitly mentions this threat of death enhancement and reserves the government's right to argue it. Yes, Your Honor. The plea agreement contains a provision that says that this issue remains open in our argument in saying that there is evidence suggesting that there was also a promise. We do point to parts of the record, including the plea colloquy, the letter document 84 that Mr. Bevly wrote directly to the judge, noting his misunderstanding and believing that it was not. I believe there is evidence, therefore, but if the Court finds that the statement in the plea agreement means that none of that evidence is relevant, we understand. Well, this did come up at some length in the plea colloquy, and your client was specifically asked about it, about whether there were any promises other than the contents of the plea agreement, and he said no. And we recognize that in the brief, and he's saying that right after making a statement, but I didn't make any threats of death. But you're right, Your Honor. He was asked that question. He answered it. He's under oath. That's correct. We would ask if the Court were to find that way that more evidence may tend to show that Mr. Bevly is correct and that there isn't enough evidence to make a decision at this time that the Court not make a decision on the merits and the merits of this case, which we cite in our reply brief, and refuse to rule on the merits of this time so that he has the opportunity to raise that at a later proceeding. Our second argument is precluded by Supreme Court case law, but we've raised it in order to preserve it for further appeal. Our third argument concerns whether federal bank offenses are crimes of violence for the purposes of the career offender enhancement, and we've understood that this Court's case law before the Borden case ruled against what Mr. Bevly is arguing on appeal, but we're submitting that the Borden case provides enough to allow this panel to revisit that issue. It really comes down to whether, because this Court has defined intimidation the way it has in saying a threat of force, the question here is whether categorically 2113A categorically means that looking at the elements clause, whether an intimidation means a threat is being made, and we've submitted by looking at this Court's case law and being hypothetical about how a threat can be made or asserting that a threat can be made recklessly without knowledge that someone will believe that there is any threat of force behind it. We haven't found any case law. I mean, it's amazing how few cases come up when these search words are used. The only case we're finding is, as we mentioned in our brief, the Fifth Circuit case King. We acknowledge that goes against us, but we've also laid out in the opening brief and the analysis that the Sixth, I'm sorry, the Fifth Circuit did not use in King. And then our fourth argument is reliant on whether or not the, whether robbery offenses are crimes of violence or not, as we're arguing, and therefore it's dependent on the third argument. I have nothing further unless the Court has a question. All right, thank you very much. Thank you. Mr. Kourkouris. May it please the Court. Good morning. The District Court did not commit clear error in concluding that the government did not make a separate promise to the defendant, that it would not seek certain sentencing enhancements, when in fact the plea agreement itself explicitly stated that the government contended that those enhancements applied. The defendant himself acknowledged reading and understanding the plea agreement, reviewing it with his attorney, and stating under oath that there were no separate promises. And the defendant orally stated at the change of plea hearing that it intended to present evidence in support of the enhancements at There's nothing about the Supreme Court's opinion in the Borden case that affects this Court's prior analyses. Simply put, bank robbery cannot be committed recklessly. And that's what the Third Circuit concluded in the U.S. v. King case, and that's entirely consistent with the Supreme Court's prior opinion in Carter, that bank robbery requires knowledge, and this Court's prior opinions. Finally, Your Honors, the District Court properly made factual findings rather than related to sentencing that did not affect the statutory maximum or mandatory minimum sentences applicable here, and that issue is well settled by Supreme Court and the law of this circuit. Unless there are any questions for me, we ask that the District Court be affirmed. No, thank you. Mr. Branch, you had some time, and we'll let him. Thank you again, Your Honor. The Fifth Circuit found that bank robbery cannot be committed without violence, but the questions after Borden is what concerns intimidation, and whether there can be an intimidation that is provided recklessly without a purposeful and intentional plan to harm. And that's the crux of the argument that has not been addressed by this Court that becomes new after Borden. It's all about recklessness. Well, we have addressed the issue about whether this is an intentional, that whether bank robbery requires intentional conduct. We've got lots of cases that say that it is, it does require intentional conduct, not recklessness. So Borden doesn't change that case law. We submit otherwise, but I respect the Court's position there. Thank you. Thank you. All right. Our thanks to both counsel. The case will be taken under advisement.